No. 237

KLEIN v. NORTHWICK et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5940.  Decided Nov. 2, 1925

791. MOTIONS—A motion setting aside a judicial sale is not reversible if sound discretion was used in granting same.

SULLIVAN, J.

This is a proceeding in error prosecuted by Henry Klein seeking to reverse the judgment of the Cuyahoga Common Pleas on the ground that there was an abuse of sound discretion on the part of that court in setting aside a judicial sale of real property.

Klein bought the property at the sale for $2900. The Park View Savings & Loan Assn., one of the defendants in error in this proceeding, held a mortgage against the same property for $4326.90. The Savings & Loan Assn. filed a motion in the court below to set aside the sale on the plea that their representative was prevented from being present at the sale because of an accident to his conveyance while he was on his way to the sale. The Court granted the motion of the Savings & Loan Assn. whereupon Klein filed a motion to set aside the entry on the motion docket sustaining the motion of the Loan Assn. Klein's motion was refused, and he prosecuted error in the Court of Appeals on the ground stated. The Court of Appeals held:

1. This is a matter largely within the discretion of the court below. While under 11670 GC. a court cannot set aside a judicial sale because a party is willing to bid more than was realized at the sale, it does not deprive the court of protecting the interest of mortgagees to see that fairness prevails.

2. The court did not abuse its discretion in

## STATE COURT OF APPEALS—Continued

setting aside the sale when a bidder who was vitally concerned in the sale was unable to be present at the sale because of an unavoidable casualty.

Judgment affirmed.

Attorneys—David Klein for Klein; David & Heald for Northwick et; all of Cleveland.